UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
RONALD L. BASKETT,            )      No. C06-0266RSL-MAT
                              )
            Plaintiff,        )
      v.                      )      ORDER
                              )
KENNETH QUINN,                )
                              )
            Defendant.        )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a pro se "Motion to Recuse" in the above-captioned matter. Dkt. # 9. The Honorable Mary Alice Theiler, United States Magistrate Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 10. Plaintiff's motion is therefore ripe for review by this Court.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. Additionally, section 144 of title 28 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse herself if a reasonable person would believe that she is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff's motion for recusal is based on unspecified comments in the General Order that was sent to plaintiff on March 13, 2006. The General Order was created by the magistrate judges of this district to summarize our procedural rules for *pro se* litigants. The current version of the Order was signed in 2003, long before plaintiff initiated this litigation, and contains no case-specific language that could possibly reveal bias or prejudice on the part of Judge Theiler.

Although plaintiff specifically complains of "a comment made on the General Order," it is possible that plaintiff's motion for recusal is based on Judge Theiler's denial of his motion for appointment of a guardian *ad litem*. Dkt. # 8. Plaintiff makes no attempt to articulate, much less show, how Judge Theiler's order reflects bias or prejudice against him. Plaintiff's evidence of disability does not establish incompetence: Judge Theiler's denial of his motion for appointment of a guardian *ad litem* was, therefore, warranted. In addition, plaintiff does not identify any extrajudicial source of the alleged prejudice. The only suggestion of bias is the judge's decisions in this case. In such circumstances, the risk that the litigant is using the recusal motions for strategic purposes is considerable. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Because a judge's conduct in the context of judicial

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER                              -2-

proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Theiler's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Theiler from this matter is DENIED.

DATED this 28th day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                           -3-